## NEAL v. GAINES.

Sheriff failing to take bail, not liable as special bail, unless he has had due notice as required by statute.

JAMES S. GAINES sued out a *scire facias* to Madison Circuit Court against Stephen Neal, late sheriff of Madison county, reciting that a writ of *capias* at his suit against Samuel Ragsdale, by the endorsement whereof bail was required, had been executed, and said Ragsdale arrested by said Neal, then sheriff of said county, by

virtue thereof, and that he failed to take bail as required; by reason whereof, and by virtue of the statute, &c. he became liable as bail for Ragsdale. The *sci. fa.* proceeds reciting the judgement against Ragsdale, *ca. sa.* thereon returned not found, and requiring the defendant to shew cause. &c. James S. Gaines having died, the suit was revived in the name of George S. Gaines, his administrator. Neal demurred to the *scire facias,* and thereupon the Circuit Court rendered judgement for plaintiff. Neal prosecuted a writ of error to this Court, and assigned that the Circuit Court erred in overruling the demurrer.

M'KINLEY and HOPKINS, for plaintiff.

KELLY and HUTCHINSON, for defendant in error.

JUDGE TAYLOR delivered the opinion of the Court.

THE decision of this case depends entirely on the construction of the last clause of the second section of the act of 1807, " concerning bail in civil cases." [a] The first section of this statute, points out in what cases bail shall be required. The first part of the second section, the manner in which the bail is to be bound; and the last clause of this section is in these words : " And in case the sheriff, or other officer, shall neglect to take such bond, or the bail returned shall be held insufficient, on exception taken and entered the same term to which such writ shall be made returnable, the sheriff or other officer having due notice of the taking exception, shall in either case be deemed and stand as special bail; and the plaintiff may proceed to judgement against such sheriff or other officer, as in other cases against special bail."

[a] Laws Ala. 28,29

What is required to render the sheriff special bail ? certainly he must have due notice of taking the exception. By the express words of the statute, the notice is to be given in either case. In the argument it has been asked, why take exception and give notice, when no bail has been taken ? will this apprise the sheriff of any fact not already within his knowledge ? It is a sufficient answer to say, the words of the statute require it; and we would not by construction, strain a statute to charge an officer. The judgement must be reversed.